UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                     PLAINTIFF

v.                                                     CRIMINAL ACTION NO. 3:10CR-106-S

WILLIAM CABBIL, JR.
a/k/a "June"                                                     DEFENDANT

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your deliberations.

It will be your duty to decide whether the United States has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crimes charged in the indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the defendant or the United States.

You must also follow the law as I explain it to you whether you agree with that law or not. You must follow all of the instructions as a whole; you may not single out, or disregard, any of the court's instructions on the law.

The indictment or formal charge against any defendant is not evidence of guilt. The defendant is presumed by the law to be innocent. The law does not require a defendant to prove innocence or produce any evidence at all. This means that a defendant has no obligation to testify. Therefore, if a defendant does not testify during a trial, you may not draw any inference or suggestion of guilt from that fact, nor may you consider this in any way in reaching your verdict. The United States has the burden of proving a defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the defendant not guilty.

While the United States' burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt. It is only required that the United States' proof exclude any "reasonable doubt" concerning a defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

You must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make. You need not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances indicating that the defendant is either guilty or not guilty. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must consider the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding how much of a witness' testimony to believe, I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth or a personal interest in the outcome of the case? Did the witness have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony given before you during the trial.

However, a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that was simply an innocent lapse of memory or an intentional falsehood.

When knowledge of a specialized subject matter may be helpful to the jury, a person having training or experience in the field is permitted to state an opinion.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

Title 21, United States Code, Section 841(a)(1), makes it a federal crime for anyone to possess a "controlled substance" with intent to distribute it.

Heroin and cocaine are "controlled substances" within the meaning of the law.

A defendant can be found guilty of that crime only if all of the following facts are proved beyond a reasonable doubt:

### COUNT 1

First: That on or about May 5, 2010, William Cabbil, Jr. knowingly and intentionally possessed a substance containing heroin as charged; and

Second: That he possessed the substance with the intent to distribute it.

### COUNT 2

First: That on or about May 5, 2010, William Cabbil, Jr. knowingly and intentionally possessed a substance containing cocaine as charged, and

Second: That he possessed the substance with the intent to distribute it.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

Title 18, United States Code, Section 922(g)(1) makes it a federal crime for a convicted felon to knowingly possess a firearm in or affecting commerce.

The defendant can be found guilty as to Count 3 only if all of the following facts are proved beyond a reasonable doubt:

<u>First</u>: That on or about May 5, 2010, William Cabbil, Jr. knowingly possessed the Bryco Arms 9 millimeter handgun, serial number 797109, or the Smith & Wesson .40 caliber handgun, serial number RBD3804, or the Smith & Wesson 9 millimeter handgun, serial number A833648, or any of them;

<u>Second</u>: That prior to such possession, he had been convicted of a felony; that is, a crime punishable by imprisonment for a term exceeding one year; and

<u>Third</u>: That such possession was in or affecting commerce.

The parties have stipulated, and it is therefore established and not in issue, that prior to May 5, 2010, William Cabbil, Jr. had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year.

The parties have also stipulated, and therefore it is also established and not in issue, that the Bryco Arms 9 millimeter handgun, serial number 797109, the Smith & Wesson .40 caliber handgun, serial number RBD3804, and the Smith & Wesson 9 millimeter handgun, serial number A833648, are "firearms" under the law, and any possession of them in Kentucky would be "in or affecting commerce."

The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may also have sole possession or joint possession.

A person who has direct physical control of something on or around his person is then in actual possession of it.

A person who is not in actual possession, but who knowingly has both the power and the intention at a given time to exercise dominion and control over something, either alone or together with someone else, is in constructive possession of it.

If one person alone has possession of something, possession is sole. If two or more persons share possession, possession is joint.

The defendant does not have to own the firearm in order to possess the firearm.

Whenever the word "possession" is used in these instructions, it includes actual and constructive possession, and also sole and joint possession.

You will note that the indictment charges that the crimes were committed "on or about" a certain date. The United States does not have to prove with certainty the exact date of the alleged crime. It is sufficient if the United States proves beyond a reasonable doubt that the crimes were committed on a date reasonably near the date alleged.

The word "knowingly," as that term has been used in these instructions, means that the act was done voluntarily and not because of mistake or accident.

The word "intentionally," as that term has been used in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids.

A separate crime is charged in each count of the indictment. Each charge and the evidence pertaining to it should be considered separately. The fact that you may find the defendant guilty or not guilty as to one of the crimes charged should not affect your verdict as to any other crime charged.

The defendant is on trial only for those specific crimes alleged in the indictment. Also, the question of punishment should never be considered by the jury in any way in deciding the case. If the defendant is convicted the matter of punishment is for the judge to determine.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will not have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

During your deliberations, you must not discuss this case with anyone outside the jury, or provide anyone outside the jury with any information about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, BlackBerry, or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, or Twitter, to communicate to anyone information about this case or to conduct any research about this case until I have accepted your verdict.

FILED
Jeffrey A. Apperson, Clerk
AUG 18 2010
U. S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

INDICTMENT

NO. 3:10CR-106-S

18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(e)
18 U.S.C. § 924(d)
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(C)
21 U.S.C. § 853
28 U.S.C. § 2461

vs.

**WILLIAM CABBIL, JR.**
a/k/a "June"

The Grand Jury charges:

## COUNT 1

On or about May 5, 2010, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **WILLIAM CABBIL, JR.**, knowingly and intentionally possessed with intent to distribute heroin, a controlled substance as defined by 21 U.S.C. § 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

The Grand Jury further charges:

## COUNT 2

On or about May 5, 2010, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **WILLIAM CABBIL, JR.**, knowingly and intentionally possessed with intent to distribute cocaine, a controlled substance as defined by 21 U.S.C. § 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

The Grand Jury further charges:

## COUNT 3

On or about May 5, 2010, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **WILLIAM CABBIL, JR.**, being a person who had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, to wit:

knowingly possessed, in and affecting commerce, a firearm, to wit:

| MANUFACTURER | MODEL | CALIBER | SERIAL NUMBER |
| --- | --- | --- | --- |
| Bryco Arms | model 59 | 9 millimeter | 797109 |
| Smith & Wesson | model SW40VE | .40 caliber | RBD3804 |
| Smith & Wesson | model 459 | 9 millimeter | A833648 |

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(e).

2

## NOTICE OF FORFEITURE

As a result of committing offenses in violation of Title 21, United States Code, Section 841(a)(1), as alleged in Counts 1 and 2 of this Indictment, a felony punishable by imprisonment for more than one year, the defendant, **WILLIAM CABBIL, JR.**, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, proceeds said defendant obtained, directly or indirectly, as a result of said offenses, and any and all of defendant's property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of the violations involved in the commission of the offenses alleged in this Indictment, including but not limited to, $5177.00 in United States currency and the following firearms:

| MANUFACTURER | MODEL | CALIBER | SERIAL NUMBER |
| --- | --- | --- | --- |
| Bryco Arms | model 59 | 9 millimeter | 797109 |
| Smith & Wesson | model SW40VE | .40 caliber | RBD3804 |
| Smith & Wesson | model 459 | 9 millimeter | A833648 |

## NOTICE OF FORFEITURE

As a result of committing an offense in violation of Title 18, United States Code, Section 922(g)(1), as alleged in Count 3 of this Indictment, a felony punishable by imprisonment for more than one year, the defendant, **WILLIAM CABBIL, JR.** shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461, all firearms and ammunition involved in the commission of the offense, including, but not limited to the following firearms:

| MANUFACTURER | MODEL | CALIBER | SERIAL NUMBER |
|---|---|---|---|
| Bryco Arms | model 59 | 9 millimeter | 797109 |
| Smith & Wesson | model SW40VE | .40 caliber | RBD3804 |
| Smith & Wesson | model 459 | 9 millimeter | A833648 |

A TRUE BILL.


FOREPERSON

*(signature)* FOR *DAVID J HALE*
DAVID J. HALE
UNITED STATES ATTORNEY

DJH:TWD:ls:100812

**VERDICT FORM**

| United States District Court | **District** Western District of Kentucky <br><br> **Docket No.** |
|---|---|
| **Case Title** <br><br> UNITED STATES OF AMERICA <br><br> v. <br><br> WILLIAM CABBIL, JR. <br> a/k/a "June" | CRIMINAL ACTION NO. 3:10CR-106-S |

**WE, THE JURY, IN THE ABOVE ENTITLED AND NUMBERED CASE FIND:**

The defendant, William Cabbil, Jr., a/k/a/ "June," _____ as to Count 1 of the indictment.
(guilty/not guilty)

The defendant, William Cabbil, Jr., a/k/a/ "June," _____ as to Count 2 of the indictment.
(guilty/not guilty)

The defendant, William Cabbil, Jr., a/k/a/ "June," _____ as to Count 3 of the indictment.
(guilty/not guilty)

| **Foreperson's Signature** | |
|---|---|
| | **Date** |