UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

WILLIAM CABBIL, JR.                                                                 PETITIONER

v.                                                              CIVIL ACTION NO. 3:13CV-439-S
                                                              CRIMINAL ACTION NO. 3:10CR-106-S

UNITED STATES OF AMERICA                                                           RESPONDENT

## MEMORANDUM OPINION

This matter is before the court on motion of the petitioner, William Cabbil, Jr., *pro se*, to vacate his conviction under 28 U.S.C. § 2255. DN 68. The United States magistrate judge issue a Report and Recommendation (DN 87) concluding that the motion failed to satisfy a right to relief under § 2255, and recommending that the court deny the motion to vacate and deny a certificate of appealability to the United States Court of Appeals for the Sixth Circuit. Cabbil has filed objections to the magistrate judge's report.

The court has conducted a *de novo* review of the Report and Recommendation, as the respondent objects to all of the magistrate judge's findings and conclusions.[1] Cabbil's objections merely repeat the arguments which were rejected by the magistrate judge in the § 2255 petition. The

---

[1] Cabbil has not objected to the brief Findings of Fact (section I) setting forth the background and procedural history of the case.

court has reviewed the § 2255 petition and the magistrate judge's disposition of each argument contained therein. This court finds no error in the magistrate judge's findings and conclusions.

Cabbil raised four ground for § 2255 relief. He alleged:

(1) Counsel was ineffective for refusing to permit Cabbil to testify.

(2) Counsel was ineffective for failing to request an instruction concerning Officer Tony James' dual role as a fact witness and later as an expert witness.

(3) Cabbil's right of confrontation was violated when the court prohibited defense counsel from cross-examining Detective James Adams concerning s disciplinary matter in an unrelated case.

(4) The court violated Fed.R.Crim.P. 43(a) when defendant was absent during a chambers conference concerning a note received from the jury inquiring about a photograph which was not admitted into evidence.

In order to establish a violation of his rights under the Sixth Amendment for ineffective assistance of counsel, Cabbil must show that counsel's performance resulting in "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Jackson v. Bradshaw*, 681 F.3d 753, 760 (6th Cir. 2012) *quoting Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Id.* Counsel's alleged errors must be considered within the "totality of the evidence before the jury." *Id.*

Cabbil has argued that were he permitted to take the stand in his own defense, the jury would have had a reasonable doubt as to whether the drugs and firearms were in his possession. He argued that there was no evidence corroborating the officers' testimony that they found mail and a prescription drug bottle with Cabbil's name and the apartment address where the items were found. In fact, there is ample evidence in the record corroborating the items linking Cabbil to this apartment. The magistrate judge cited to this evidence in detail at pages 3 - 5 of his report.

The magistrate judge further correctly noted that counsel's decision to recommend that Cabbil not take the stand was reasonable under the circumstances, as Cabbil's credibility would have been impeached with his prior felony convictions. Cabbil has an extensive criminal history. Thus a tactical decision not to testify was reasonable under the circumstances, as the magistrate judge so found. Further, Cabbil has offered nothing to overcome the presumption that he assented to counsel's advice not to testify, as he did not insist on testifying, communicate with the court, or discharge counsel. *See, United States v. Stover*, 474 F.3d 904, 908 (6th Cir. 2007), *citing United States v. Webber*, 208 F.3d 545, 550 (6th Cir. 2000).

Cabbil also urged that counsel was deficient in failing to request an instruction which would clearly differentiate between the police officer's fact and opinion testimony. However, Officer James was called first as a fact witness, then recalled at the close of the United States' case to give testimony based on his training and experience; and the United States itself indicated that it was "switch[ing] gears" with Officer James' testimony when he was recalled to the stand. Cabbil is thus unable to establish that an omission, if any, to request a dual role instruction constituted an error of constitutional magnitude under *United States v. Lopez-Medina*, 461 F.3d 724, 745 (6th Cir. 2006), as the United States clarified the nature of Officer James' testimony at differing points in the trial. The court noted in *Lopez-Medina* that a clear demarcation between expert and fact witness roles "may ameliorate the risk of jury confusion regarding dual role testimony." 461 F.3d at 744. The magistrate judge correctly concluded that no error of constitutional magnitude had been shown in failing to request a dual role instruction.

Cabbil contended that he was denied his right under the Confrontation Clause to adequately cross-examine Detective James concerning his responses in an investigation of a traffic accident in

which he was involved. The court, in its discretion, excluded the proposed area of cross-examination as wholly irrelevant to the charges against Cabbil, and further, Cabbil's counsel informed the court only as to a belief "based on the reports I've seen" that "there were false statements made by [Detective Adams] during that May incident last year on North Hurstbourne Lane that they are contained in the report to the public integrity unit..." (R. 66, Colloquy at TR 13). Counsel did not attempt to establish the predicate false statement, establish whether or not it was a statement under oath, or establish that it would be proper impeachment of a witness in a collateral matter. The matter was thus properly excluded by the court. In any event, the issue was procedurally defaulted, and Cabbil failed to show cause and prejudice to excuse the default.

Finally, Cabbil contended that his rights under Fed.R.Crim.P. 43(a) and the Fifth and Sixth Amendments were violated when he was absent from the meeting with counsel in chambers concerning a note sent by the jury inquiring about a photograph that was not admitted into evidence. Not only was this claim procedurally defaulted by Cabbil, but he was not entitled to be present in chambers when the note was shown to counsel, as such a conference does not constitute a critical stage of the proceedings. *See* Fed.R.Crim.P. 43(b)("A defendant need not be present under any of the following circumstances:...(3) The proceeding involves only a conference or hearing on a question of law.") Cabbil has shown no cause or prejudice for the procedural default. Further, the magistrate judge correctly concluded that this claim is so insubstantial that there is no right to relief under § 2255. The court suggested that the jury be told that the exhibits that they had in the jury room were the only items which were admitted as evidence in the case. Neither counsel objected to this response to the jury's inquiry.

As we agree that no reasonable jurist could find debatable the conclusion that the claims in this petition fail on the merits, a certificate of appealability will be denied.

For the reasons set forth herein, the Report and Recommendation of the United States magistrate judge will be accepted and adopted , and the motion of the respondent, William Cabbil, Jr., to vacate his conviction under 28 U.S.C. § 2255 will be denied by separate order.

**IT IS SO ORDERED.**

cc:
Counsel of Record
Petitioner, *pro se*

May 13, 2014

**Charles R. Simpson III, Senior Judge**
**United States District Court**