UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                    PLAINTIFF


V.                                          CRIMINAL ACTION NO. 3:10CR-106-CRS


WILLIAM CABBIL, JR.                                                          DEFENDANT

UNITED STATES' RESPONSE TO MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY
*Electronically Filed*

Petitioner William Cabbil has filed a Second Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. The United States opposes the motion.  Mr. Cabbil is not entitled to relief and his Motion should be dismissed.

## BACKGROUND

On May 5, 2010, Louisville police searched Cabbil's home pursuant to a search warrant and discovered heroin, cocaine, and firearms.  On the day of the search, Cabbil was coming out of the apartment as the police were going in. They detained Cabbil and searched his home. In addition to the drugs and firearms, police also found drug-cutting agents, digital scales, baggies, sifters, $5,045, and a safe disguised as a beverage container with a hidden compartment in it. Moreover, police found mail and a prescription bottle with Cabbil's name and the address of the apartment on them. The grand jury indicted Cabbil on three counts.  Count 1 charged Cabbil with violating 21 U.S.C. § 841(a)(1) by possessing heroin with intent to distribute it.  (R. 1 Indictment at 1).  Count 2 charged him with violating the same statute by possessing cocaine with intent to

distribute it. (Id. at 1-2). Count 3 charged him with violating 18 U.S.C. §§ 922(g)(1) and 924(e) by possessing firearms after sustaining several felony convictions. (Id. at 2). On October 19, 2010, the United States filed an Information and notice of prior felony drug conviction pursuant to 21 U.S.C. § 851 seeking an enhanced sentence under 21 U.S.C. § 841(b)(1). (R. 14 Notice page ID # 39). The jury convicted Cabbil on all three counts.

A presentence report was prepared which determined that Cabbil was a career offender as to the drug counts, and subject to a 15-year mandatory minimum sentence as an Armed Career Criminal on the firearm count. (R. 30 PSR ¶ 31). The Court determined that based upon an offense level 34 and a Criminal History Category of VI, the guideline imprisonment range was 262-327 months. (Id. ¶ 75). The Court sentenced Cabbil to 262 months in prison. (R. 32 Judgment at 1-3).

Cabbil appealed his conviction. (R. 34 Notice). The Sixth Circuit Court of Appeals affirmed his conviction. (R. 63 Notice). On April 29, 2013, Cabbil filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody alleging primarily ineffective assistance of counsel. (R. 68 Motion). Cabbil's motion was dismissed by the Court on May 14, 2014. (R. 100 Judgment). Cabbil appealed. (R. 101 Notice). On October 7, 2015, the Sixth Circuit Court of Appeals affirmed this Court's Judgment denying Cabbil's § 2255 motion. (R. 109 Notice).

On June 24, 2016, Cabbil filed the instant Second Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. As grounds for his § 2255 motion, Cabbil cites Johnson v. United States, 135 S. Ct. 2551, (2015) and claims the government, for sentencing purposes, failed to prove that Cabbil's 2007 and 2000 controlled

substance trafficking convictions from Jefferson County Circuit Court fall within the ambit of the Armed Career Criminal Act (ACCA). (R. 112 Motion at 5, page ID # 834). Therefore, according to Cabbil, his prior drug convictions do not support his 262-month sentence as a career offender or as an Armed Career Criminal.

Cabbil's arguments are meritless. His motion is time barred, and Johnson does not control the outcome in his case.

## ARGUMENT

I.  Cabbil's claim is time-barred

Title 18, United States Code, Section 924(e) states that a defendant who violates 18 U.S.C. § 922(g) and has three previous convictions for a violent felony or a serious drug offense, or both, committed on different occasions, shall be sentenced to a term of imprisonment of not less than 15 years, nor more than life. The definition of the term "violent felony" includes any crime which is punishable by imprisonment for a term exceeding one year and has an element the use, or attempted use, of physical force against the person of another, or "(ii) is burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of* physical *injury against another* . . .". The italicized portion of this definition is the so-called "residual clause" and was found "void for vagueness" on June 26, 2015 by the Supreme Court in Johnson v. United States, 135 S. Ct. 2551, 2556-7.

The Court in Johnson explained that the void-for-vagueness doctrine prohibits the government from imposing sanctions "under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary

enforcement." Johnson v. United States, 135 S. Ct, 2251 at 2277. Later, in Welch v. United States, 136 S. Ct. 1257 (2016), the Court held that their decision in Johnson was applicable to cases on collateral review because Johnson was substantive and not procedural in nature. It is under this guise that Mr. Cabbil attempts to challenge the validity of his sentence through a § 2255 motion. However, the decision of the Supreme Court in Johnson and its subsequent applicability to cases on collateral review have no bearing on Mr. Cabbil's sentencing under the ACCA. Cabbil is not challenging a prior conviction that arguably falls within the residual clause. Instead, he is seeking, in a § 2255 motion that was filed more than a year after his conviction became final, to extend Johnson to invalidate convictions that qualify under 18 U.S.C. § 924(e)(2)(A)(ii)'s definition of "serious drug offense".

      Under 28 U.S.C. § 2255(f)(3), a one-year statute of limitations runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Thus, § 2255(f)(3) provides that, when the Supreme Court "decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from [the Supreme Court's] decision within which to file his § 2255 motion." Dodd v. United States, 545 U.S. 353, 358-59 (2005) (emphasis added). Critically, § 2255(f)(3) requires that the Supreme Court itself recognize the specific substantive right at issue. Id. at 358.

      Because Cabbil's conviction became final more than a year before the date of filing of his motion, his claim is time-barred unless it satisfies the statute of limitations in 28 U.S.C. § 2255(f)(3). Although defendants seeking to challenge ACCA sentences under Johnson had

4

one year from the date that Johnson was decided to file motions raising Johnson, that one-year deadline does not govern all possible extensions of Johnson to other contexts. At present, the Supreme Court has not extended Johnson to invalidate 18 U.S.C. § 924(e)(2)(A)(ii)'s definition of "serious drug offense". Because the right asserted here has not been recognized by the Supreme Court, Cabbil's claim is time-barred.

The Supreme Court's holding in Johnson does not address whether 18 U.S.C. § 924(e)(2)(A)(ii)'s definition of "serious drug offense" is void for vagueness. In short, Johnson has not itself made Cabbil immune from the definition of "serious drug offense". If that is to happen, it will need to be because of further legal development. Since § 2255(f)(3) requires that this legal development emanate from the Supreme Court, Cabbil cannot show that the statute of limitations for their § 2255 motions has been extended under this provision.

II. Cabbil's state drug trafficking convictions are "serious drug offense" convictions under the ACCA

Mr. Cabbil alleges that his sentence was improperly enhanced when the court improperly relied on his two convictions for first-degree trafficking a controlled substance, which he mistakenly asserts are non-qualifying ACCA offenses. Mr. Cabbil's two prior drug trafficking convictions clearly qualify as "serious drug offense" convictions. Under § 924(e)(2)(A)(ii) of the ACCA, a serious drug offense is "an offense under State law, involving . . . distributing, or possessing with intent to . . . distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." Mr. Cabbil pled guilty to first-degree trafficking in a controlled substance in Jefferson Circuit Court Indictment number 99-CR-2900 and received a five-year sentence on March 14, 2000. Later, on April 19, 2007, Mr. Cabbil was again convicted of first-degree trafficking in a controlled substance in Jefferson Circuit Indictment number 05-

5

CR-2446 and was sentenced to ten years in prison. At the time Mr. Cabbil was convicted of these offenses, Kentucky state convictions for first-degree trafficking were "Class C" felonies that carried a maximum sentence of "not less than five (5) years, nor more than ten (10)." Ky. Rev. Stat. § 532.060. The Sixth Circuit Court of Appeals has determined that since a Class C felony in Kentucky is punishable by a maximum of ten years' imprisonment, Class C drug trafficking offenses (including first-degree trafficking offenses), qualify as "serious drug offenses" under the ACCA. United States v. Martin, 526 F.3d 926, 940-41, (6th Cir. 2008), citing United States v. Tolley, 173 F.3d 431, 1999 WL 137620 at *10 (6th Cir. 1999). Thus, each of Cabbil's prior drug convictions qualified then, and qualify now, as serious drug offense convictions under the ACCA.

> Mr. Cabbil seems to acknowledge as much in his motion. According to Cabbil:
>
> "A "Serious Drug Offense" under § 924(e), is defined as a state offense that involves the manufacture, distribution, or possession with intent to manufacture or distribute a controlled substance for which a maximum term of imprisonment of 10 years or more prescribed by law, [§ 924(e)(2)(A)(ii)]. However, under Kentucky law Trafficking in Controlled Substance in the First Degree [KRS 218A.1412] is classified as a Class C felony that carries a minimum term of imprisonment of five years and a maximum term not exceeding ten years' imprisonment."

(R. 112 Motion at 5, page ID # 834). Mr. Cabbil seems to miss the point - the ten-year maximum sentence for first-degree trafficking in a controlled substance makes a violation of that statute an offense "for which a maximum term of imprisonment of 10 years or more" is prescribed by law as required by § 924(e)(2)(A)(ii) to constitute a "serious drug offense." Mr. Cabbil's argument that his drug trafficking convictions are not qualifying felonies under the ACCA is baseless.

CONCLUSION

Cabbil's arguments are meritless. His motion is time barred, and each of Mr. Cabbil's two prior drug convictions qualify as serious drug offenses under § 924(e)(2)(A)(ii) of the ACCA. The United States respectfully requests that this Court deny Mr. Cabbil's Motion to Vacate, Set Aside, or Correct his sentence.

Respectfully submitted,

JOHN E. KUHN, JR.
United States Attorney

s/Thomas W. Dyke
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
(502) 625-7042
(502) 582-5911

### CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2017, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system. I further certify that I mailed the foregoing document, along with the notice of electronic filing, by first class mail to the following non-CM/ECF participant:

William Cabbil, Jr., #13178-033
Low Security Correctional Institution (G-B)
P.O. Box 999
Butner, NC 27509

*s/ Thomas W. Dyke*
Assistant U.S. Attorney