# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

<table>
<tr><td>Deborah S. Hunt<br>Clerk</td><td>100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988</td><td>Tel. (513) 564-7000<br>www.ca6.uscourts.gov</td></tr>
</table>

Filed:  January 08, 2019

Mr. William Cabbil Jr.
F.C.I. Petersburg - Low
P.O. Box 1000
Petersburg, VA 23804

## NOTICE

Re:  Case No. 19-5017, *In re: William Cabbil, Jr.*
Originating Case No. : 3:16-cv-00419 : 3:10-cr-00106-1

Dear Movant,

   The district court has transferred your case for this court to determine whether to grant you permission to file a second or successive habeas petition or motion to vacate.  In order for the Court to consider your case, you need to satisfy certain obligations under Sixth Circuit Rule 22.

   You must complete and return to the Clerk's office the attached application form within 30 days; instructions are contained in the form.  If you do not return the form or attach the documents required, this proceeding may be dismissed.  The form will be deemed filed once it has been given to prison authorities for mailing and you have satisfied the verification requirements of Fed. R. App. P. 25(a)(2)(c).

Sincerely yours,

s/Roy G. Ford
Case Manager
Direct Dial No. 513-564-7016

cc:  Mr. Terry M. Cushing

Enclosure

FILED
VANESSA L. ARMSTRONG, CLERK

JUN 24 2016

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

United States District Court
for the Western District of Kentucky
- Louisville Division -

| | | |
|---|---|---|
| William Cabbil, Jr. | § | |
| Petitioner, | § | |
| | § | |
| v. | § | USDC No. 3:10-CR-00106-CRS-1 |
| | § | |
| United States of America | § | |
| Respondent. | § | |

3:16 CV-419

**Petitioner's Second in Time
Motion Under 28 U.S.C. § 2255**

William Cabbil, Jr., pro se Petitioner, hereby respectfully
moves this Honorable Court to reopen his original § 2255 motion.
Because Petitioner does not possess the necessary predicates for
purposes of an Armed Career Criminal enhancement, his sentence
is illegal.

Petitioner advances his pleadings in light of Haines v.
Kerner, 404 U.S. 519 (1972) where this Court is required to
construe pro se petitions liberally and hold them to less
stringent to those drafted by attorneys to allow the development
of a potentially meritorious claim. Hughes v. Rowe, 449 U.S. 5,
9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). Petitioner's Motion
must not be mischaracterized as a second successive § 2255. See
In re Sims, 111 F.3d 45, 46 (6th Cir. 1997).

### Jurisdiction

The Court has the original jurisdiction to hear and
adjudicate this matter under all applicable rules governing it.

### Introduction

In 2010, a federal grand jury indicted Petitioner of being
a felon in possession of a firearm § 922(g)(1); § 924(e); §

841(a)(1) and § 841(b)(1)(c). A federal jury convicted Petitioner of two counts of possession with intent to distribute narcotics, and one count of possession of a firearm by a felon. This Court imposed a sentence of 262 months, based on a career offender status that is controlled by the Armed Career Criminal Act. Petitioner appealed on other grounds and lost. See United States v. Cabbil, No. 11-5559 (6th Cir. 2012).

Petitioner timely moved this Court under § 2255 motion, raising inter-alia, several ineffective assistance of counsel claims that were denied. A COA was issued and the Sixth Circuit affirmed. See Cabbil v. United States, No. 14-5726 (6th Cir. 2015). New development proves a Sixth Amendment right at a critical stage of Petitioner's criminal process was offended. Therefore, Petitioner seeks to have this Court reopen his § 2255. Panetti v. Quaterman, 551 U.S. 930, 944 (2007). Because the claim did not exist until the Supreme Court's decision in United States v. Johnson, 135 S. Ct. 2551 (2015) was made available and that the proceedings on his original first § 2255 motion were settled, this claim is not "second or successive" and does not require the circuit's prior authorization.

## Argument and Authority

Section 2255 is designed to correct fundamental constitutional or jurisdictional errors, which would otherwise "inherently result in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979). In order to prevail on a § 2255 motion, Petitioner must prove that one of the following occurred: (1) that his sentence was imposed in violation of the Constitution or laws of the United States; (2) that the Court was without jurisdiction to impose such a sentence; (3) that the sentence was in excess of the maximum authorized by law; (4) that the sentence is otherwise subject to collateral attack. See Rule 1 governing Section 2255 proceedings. An evidentiary hearing is required "to determine

the truth of Petitioner's claims" only where factual dispute exists. <u>Valentine v. United States</u>, 488 F.3d 325, 333 (6th Cir. 2007) (quoting) <u>Turner v. United States</u>, 183 F.3d 474, 477 (6th Cir. 1999).

Petitioner is mindful that he bears the burden of providing his grounds for collateral review by a preponderance of the evidence standard which is less stringent than proof beyond a reasonable doubt process to show that his sentence is illegal. <u>Pough v. United States</u>, 442 F.3d 954, 964 (6th Cir. 2006).

However, in this case the defect of an illegal sentence did not rise and Petitioner's claim did not ripen, until after the conclusion of his previous petition. Following <u>Johnson</u>, this Petition is wholly based on an obvious defect that cannot be construed a "second" or "successive" under AEDPA. <u>In re Jones</u>, 652 F.3d 603, 605 (6th Cir. 2010).

The Sixth Circuit had previously found that, if a petition filed in this Court is considered a "second" or successive petition, the district Court should transfer the petition to the Sixth Circuit Court of Appeals for its consideration. <u>In re Sims</u>, 111 F.3d 45-47 (6th Cir. 1997).

Petitioner notes that the government must concede that he was charged and found guilty of being in possession of a firearm, but after having sustained two prior convictions of serious drug offenses, Petitioner was deemed an Armed Career Criminal.

Petitioner asserts that the government must concede, that he was charged and found guilty of violating 18 U.S.C. § 922(g), felon-in-possession-of-a-firearm, and that having sustained two prior state convictions of serious drug offenses, he could not be subject to ACCA 18 U.S.C. § 924(e) enhancement.

In pertinent part the PSR, which was fully adopted by this

Court, under Chapter Four Enhancements: determined that Petitioner is a career offender as the offense of conviction is a controlled substance offense. He was convicted of Trafficking in Controlled Substance / cocaine, 1st degree, on February 11, 2000, in Jefferson County, Kentucky, Case #99-CR-2900 and of Complicity to Trafficking in Controlled Substance/Heroin, 1st degree, on April 19, 2007 in Jefferson County, Kentucky, Case #05CR-2446. Section 4B1.1(a). Additionally, a defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an Armed Career Criminal. Section 4B1.1(a). The offense level for an armed career criminal is the <u>greatest</u> of the offense level applicable from chapter two and three; or the offense level from 4B1.1 (Career Offender); or 34, if the defendant used or possessed the firearm or ammunition in connection with either a crime of violence, or a controlled substance offense, or if the firearm possessed by the defendant was a type described in 28 U.S.C. 5845(a). Since this is the <u>greatest</u> offense level produced, the total offense level is 34 (PSR Para. 31).

The federal indictment filed August 18, 2010 charged <u>three</u> counts that Petitioner violated: 18 U.S.C. § 922(g)(1); 18 U.S.C. § 924(e); 18 U.S.C. § 924(d); 21 U.S.C. §841(a)(1); 21 U.S.C. § 841(b)(1)(C); 21 U.S.C. § 853 and 28 U.S.C. 2461. The § 853 notice listed specifically two prior state convictions punishable by imprisonment for a term exceeding one year, to wit:

    (1)   Jefferson County KY, trafficking in controlled substance 1st degree, case #05-CR-2446, dated 4/19/07 and

    (2)   Jefferson County KY, 1st degree trafficking in a controlled substance, case #99-CR-2900, dated 3/14/00.

Although a federal jury found Petitioner guilty on all <u>three</u> counts, the government, for sentencing purposes, failed to prove that Petitioner's 2007 and 2000 controlled substance convictions sustained in Jefferson County, KY fall within the ambit of the Armed Career Criminal Act (ACCA). A "Serious Drug Offense," under § 924(e), is defined as a state offense that involves the

- 4 -

manufacture, distribution, or possession with intent to
manufacture or distribute a controlled substance for which a
maximum term of imprisonment of 10 years or more prescribed by
law, [§924(e)(2)(A)(ii)]. However, under Kentucky law Trafficking
in Controlled Substance in the First Degree [KRS218A.1412] is
classified as a Class C felony that carries a minimum term of
imprisonment of <u>five</u> years and a maximum term not exceeding <u>ten</u>
years imprisonment.

Under the principles announced in <u>Johnson</u> and federal law,
none of Petitioner's prior Kentucky controlled substance
convictions are qualifying predicates for purposes of § 924(e).
Simply stated, while Petitioner does not have any prior "serious
drug offenses" for purposes of the ACCA, and since the record
proves that his ACCA designation is controlling... this motion
exposes the sentence he received on the felon-in-possession is
above the statutory maximum penalty authorized by Congress, he
cannot be allowed to serve an illegal sentence.

The fundamental point here, is both simple and inescapable,
Petitioner was convicted of violating § 922(g)(1) and § 924(e),
his prior drug convictions do not support Petitioner's current
recidivist 262 month sentence and because Petitioner's ACCA
designation controls the offense level the punishment resulted
in a complete miscarriage of justice. <u>United States v.
Addonizio</u>, 442 U.S. 178, 188 (1979) see also, <u>Hill v. United
States</u>, 368 U.S. 424, 428 (1962).

Because this case presents another occasion to correct a
mistake made in calculating a statutory sentence, the law is
clear that a post-conviction change in the law that renders the
defendant's conduct no longer criminal can be corrected,
Petitioner should be able to challenge this unlawful sentence.
<u>Schriro v. Summerlin</u>, 542 U.S. 348, 351 (2004).

On its merits, Petitioner's claim that he should not have

- 5 -

been designated an Armed Career Criminal and that the Supreme Court made clear that an erroneous enhancement based on a non-qualifying predicate is unconstitutional and unenforceable, no matter how much gloss the government may paint over it, Johnson overruled James and Sykes. The Supreme Court's cases make clear that the doctrine of stare decisis allows this Court to revisit its earlier decision in this case that leaves no doubt about the unavoidable uncertainty and arbitrariness of adjudication under a legal landscape that cannot allow for such punishment where the law cannot impose upon him. Petitioner's sentence must be vacated.

## Conclusion

Based on the facts and extraordinary circumstances of this case, following United States v. Johnson, 135 S. Ct. 2551 (2015) and its retroactive application in the Sixth Circuit, Petitioner prays that this Court will exercise its authority to consider the meritorious issues herein presented and vacate Petitioner's illegal recidivist sentence under ACCA and resentence him anew. If Petitioner has not satisfied the precise requirement laid out in In re Jones, 652 F.3d 603, 605 (6th Cir. 2010) or Pough v. United States, 442 F.3d 959, 964 (6th Cir. 2006), the Court should transfer this Petition to the Sixth Circuit Court of Appeals for consideration. See, Sims, 111 F.3d 45-47 (1997).

Respectfully Submitted,

William Cabbil Jr.
_____
William Cabbil Jr., pro se

- 6 -

## Certificate of Service

On this 20th day of JUNE 2016, Petitioner has caused to be mailed a true and correct copy of his Second in Time Motion, via the prison mail system to:

> Clerk of Court
> U.S. District Court
> 601 West Broadway
> Louisville, KY 40202

*William Cabbil Jr.*

William Cabbil Jr.
#13178-033
P.O. Box 999
Butner, NC 27509

Mr. William Cabbil jr. #13178-033
Low Security Correctional Institution (G-B)
P.O. Box 999
Butner, North Carolina 27509

FILED
VANESSA L ARMSTRONG, CLERK

JUN 24 2016

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY



⇔13178-033⇔
Clerk District Court
U.S. West. Dist. Kentucky
601 W. Broadway, Room 106
Louisville, KY 40202
United States